

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark. New Jersey 07102*

973-645-2700

December 12, 2013

Gary L. Cutler, Esq.
Gary Cutler, P.C.
160 Broadway, Suite 600
New York, NY 10038

Brian S. Yang, Esq.
Law Offices of Brian Yang
136-18 39th Avenue
Suite 703
Flushing, New York

*Cr. 13-113 (ES)*
*Cr. 13-552 (ES)*

Re: Plea Agreement with Zhifei Li

Dear Messrs. Cutler and Yang:

This letter sets forth the plea agreement between your client, Zhifei Li, and the United States Attorney for the District of New Jersey, the United States Attorney for the Southern District of Florida, and the Environmental Crimes Section of the United States Department of Justice (collectively referred to herein as the "Government").

Charges

Conditioned on the understandings specified below, the Government will accept a guilty plea from Zhifei Li to an ten-count Superseding Information, Crim. No. 13-113 (ES), (the "New Jersey Superseding Information"), which charges him as follows:

Count 1, with conspiring to smuggle from the United States, traffic in, and make and submit false shipping records for, raw rhinoceros horns, from in or about December 2010 through in or about February 2012, contrary to 18 U.S.C. § 554, 16 U.S.C. §§ 3372(a)(1) and

3373(d)(1)(A), and 16 U.S.C. §§ 3372(d) and
3373(d)(3)(A)(i), in violation of 18 U.S.C. § 371;

Count 2, with smuggling from the United States
the raw horns of endangered black rhinoceros, in or about
November 2011, in violation of 18 U.S.C. §§ 554 and 2;

Count 3, with trafficking in the raw horns of
endangered black rhinoceros, in or about November 2011, in
violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(A), and
18 U.S.C. § 2;

Count 4, with attempting to smuggle from the
United States the raw horns of endangered black rhinoceros,
in or about February 2012, in violation of 18 U.S.C. §§ 554
and 2;

Count 5, with smuggling rhinoceros horn carvings from
the United States, in or about June 2012, in violation of 18
U.S.C. §§ 554 and 2;

Count 6, with attempting to smuggle from the United
States elephant ivory carvings, on or about December 4, 2012, in
violation of 18 U.S.C. §§ 554 and 2;

Count 7, with making and submitting, and causing to be
made and submitted, false shipping records for elephant ivory
carvings, which was intended to be exported from the United
States, on or about December 4, 2012, in violation of 16 U.S.C.
§§ 3372(d) and 3373(d)(3)(A)(i), and 18 U.S.C. § 2;

Count 8, with smuggling rhinoceros horn carvings from
the United States, from in or about May 2012 through in or about
August 2012, in violation of 18 U.S.C. §§ 554 and 2;

Count 9, with smuggling raw rhinoceros horns from the
United States, from on or about April 10, 2012 through on or
about January 24, 2013, in violation of 18 U.S.C. §§ 554 and 2;
and

Count 10, with making and submitting, and causing to
be made and submitted, false shipping records for rhinoceros
horn, which was exported and intended to be exported from the
United States, on or about January 24, 2013, in violation of 16
U.S.C. §§ 3372(d) and 3373(d)(3)(A)(i), and 18 U.S.C. § 2.

2

Conditioned on the understandings specified below, the Government also will accept a guilty plea from Zhifei Li to Count 2 of a two-count Indictment, Crim. No. 13-552 (ES), which was transferred from the Southern District of Florida to the District of New Jersey (the "Southern District of Florida Indictment"). The Southern District of Florida Indictment charges Zhifei Li with smuggling from the United States the horns of endangered black rhinoceros between on or about January 30, 2013 and on or about January 31, 2013, in violation of 18 U.S.C. §§ 554 and 2.

If Zhifei Li enters guilty pleas to the New Jersey Superseding Information and Count 2 of the Southern District of Florida Indictment; agrees that the attached Joint Factual Statement (Attachment A) is an accurate statement of his conduct; is sentenced on these charges; and otherwise fully complies with all of the terms of this agreement; the Government will not initiate any further criminal charges against Zhifei Li in the District of New Jersey or the Southern District of Florida for criminal wildlife and related offenses (e.g., violations of the Endangered Species Act or the Lacey Act or smuggling of rhinoceros horns and elephant ivory) that occurred between in or about December 2010 and in or about January 2013, and that are known to the government. In addition, the Government will move to dismiss Count 1 of the Southern District of Florida Indictment against Zhifei Li at the time of sentencing. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Zhifei Li may be commenced against him, notwithstanding the expiration of the limitations period after Zhifei Li signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 371, as set forth in Count 1 of the New Jersey Superseding Information, to which Zhifei Li agrees to plead guilty, carries a statutory maximum prison sentence of five years.

3

Each of the violations of 18 U.S.C. §§ 554 and 2, as set forth in Counts 2, 4, 5, 6, 8 and 9 of the New Jersey Superseding Information and Count 2 of the Southern District of Florida Indictment, to which Zhifei Li agrees to plead guilty, carries a statutory maximum prison sentence of 10 years.

The violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(A), and 18 U.S.C. § 2, as set forth in Count 3 of the New Jersey Superseding Information, to which Zhifei Li agrees to plead guilty, carries a statutory maximum prison sentence of five years.

Each of the violations of 16 U.S.C. §§ 3372(d) and 3373(d)(3)(A)(i), and 18 U.S.C. § 2, as set forth in Counts 7 and 10 of the New Jersey Superseding Information, to which Zhifei Li agrees to plead guilty, carries a statutory maximum prison sentence of five years.

Each of these statutes has a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the judge may be subject to the payment of interest.

The sentence to be imposed upon Zhifei Li is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Government cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Zhifei Li ultimately will receive.

Further, in addition to imposing any other penalty on Zhifei Li, the sentencing judge: (1) will order Zhifei Li to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may

4

order Zhifei Li to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 16 U.S.C. § 3374, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (4) pursuant to 18 U.S.C. § 3583, may require Zhifei Li to serve a term of supervised release of not more than three years per count, which will begin at the expiration of any term of imprisonment imposed. Should Zhifei Li be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Zhifei Li may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

The defendant consents to the destruction or placement into official use by U.S. Fish and Wildlife Service ("USFWS"), or its designee, of the wildlife items listed on Attachment B to this agreement and relinquishes all right, title and interest in the those items. Defendant agrees that prior to sentencing he will truthfully disclose to the government any and all information he has regarding potential third party interests in the items listed on Attachment B and the nature and extent of such interests, including the name and address of the person or entity holding such interest and any relevant documents that he has or to which he reasonably has access.

The defendant further agrees that he will not participate in the trade, purchase, sale, import or export of any endangered or threatened species, including all species regulated by the Convention on International Trade in Endangered Species, and including all articles composed in whole or in part of rhinoceros, rhinoceros horn or elephant ivory.

The parties further agree that, pursuant to 16 U.S.C. § 3375(d), any fines imposed should be imposed in relation to Counts 1, 3, 7 and 10 of the New Jersey Superseding Information and thus be payable by statute to the Lacey Act Reward Account, administered by USFWS.

5

## Rights of the Government Regarding Sentencing

Except as otherwise provided in this agreement, the Government reserves its right to take any position with respect to the appropriate sentence to be imposed on Zhifei Li by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the Government may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Zhifei Li's activities and relevant conduct with respect to this case.

## Stipulations

The Government and Zhifei Li agree to stipulate at sentencing to the statements set forth in the attached Schedule A and Attachment A, which hereby are part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the Government is based on the information and evidence that the Government possesses as of the date of this agreement. Thus, if the Government obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the Government shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the Government or Zhifei Li from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

6

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the Government and Zhifei
Li waive certain rights to file an appeal, collateral attack,
writ, or motion after sentencing, including but not limited to
an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C.
§ 2255.

## Forfeiture

As part of his acceptance of responsibility, Zhifei Li
admits the forfeiture allegations of the New Jersey Superseding
Information and agrees to forfeit to the United States: (i)
pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all
property, real and personal, that constitutes or is derived from
proceeds traceable to a violation of 18 U.S.C. § 554, which
constitutes a specified unlawful activity within the meaning of
18 U.S.C. §§ 981(a)(1)(C) and 1956(c)(7), or a conspiracy to
commit such offense, as charged in Counts 1, 2, 4, 5, 6, 8 and 9
of the New Jersey Superseding Information, and (ii) pursuant to
16 U.S.C. § 3374 and 28 U.S.C. § 2461, all wildlife imported,
exported, transported, sold, received, acquired or purchased
contrary to the provisions of 16 U.S.C. § 3372 and the
regulations issued pursuant thereto, or a conspiracy to commit
such offense, as Charged in Counts 1 and 3 of the New Jersey
Superseding Information.  Such property includes a sum of money
equal to (i) $1,750,000 as to Counts 1, 2, 4, 5, 6, 8 and 9 of
the New Jersey Superseding Information, representing the
proceeds of the smuggling and smuggling conspiracy offenses
charged in said counts (the "Customs Forfeiture Money
Judgment"), and (ii) $1,750,000 as to Counts 1 and 3 of the New
Jersey Superseding Information, representing the wildlife the
defendant imported, exported, transported, sold, received,
acquired or purchased in violation of the Lacey Act (the "Lacey
Act Forfeiture Money Judgment"), for a total money judgment of
$3,500,000 (collectively, the "Forfeiture Money Judgments").  If
the Forfeiture Money Judgments are not paid on or before the
date Zhifei Li is sentenced, interest shall accrue on any unpaid
portion thereof at the judgments' rate of interest from that
date.

Payment of the Customs Forfeiture Money Judgment shall
be made by certified or bank check, payable to U.S. Customs and

7

Border Protection, with the criminal docket number noted on a cover letter and the face of the check. Payments on the Customs Forfeiture Money Judgment shall be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

Payment of the Lacey Act Forfeiture Money Judgment shall be made by certified or bank check, payable to the Lacey Act Reward Account, pursuant to 16 U.S.C. § 3775(d), with the criminal docket number noted on a cover letter and the face of the check, and delivered to the following address:

> United States Fish and Wildlife Service
> Division of Financial Management / Denver Operations
> Cost Accounting
> P.O. Box 272065
> Denver, CO 80227
> FUND - 122X
> Organizational Code - 99000

Copies of the cover letter(s) and check(s) accompanying payments on the Lacey Act Forfeiture Money Judgment shall be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

The defendant shall first satisfy the Lacey Act Forfeiture Money Judgment and then shall satisfy the Customs Forfeiture Money Judgment, except with regard to the forfeiture of the proceeds from the sale of the ten items listed below on page 9, which shall be applied to the Customs Forfeiture Money Judgment.

Zhifei Li consents to the forfeiture of all of his right, title and interest in the following property as substitute assets, pursuant to 21 U.S.C. § 853(p), with funds to be applied to the Lacey Act Forfeiture Money Judgment in partial satisfaction thereof:

(1) $59,710 seized by USFWS during the course of the investigation; and

8

(2) $20,000 to be paid by the defendant prior to
sentencing to the Lacey Act Reward Account.

Zhifei Li further consents to the forfeiture of all of
his right, title and interest in the following property as
substitute assets, pursuant to 21 U.S.C. § 853(p), with the
proceeds from the sale thereof to be applied to the Customs
Forfeiture Money Judgment in partial satisfaction thereof:

        1) Jade Carving of Mountain Scene (1);
        2) Small Jade Carving of Bird (1);
        3) Lacquer Table Screen with Wood Stand (1);
        4) Green Jadite Bangles (3);
        5) Malachite Carving of Turtle (1);
        6) Malachite Carving of Camel (1);
        7) Porcelain Brush Pot;
        8) Polychrome Bone Carving of Vegetables (13);
        9) Chinese Yuan (772); and
        10)$25 Hard Rock Casino Chip (9).

Zhifei Li further agrees to waive all interest in the
above-listed substitute assets (the "Substitute Assets") in any
administrative or judicial forfeiture proceeding, whether
criminal or civil, state or federal. Zhifei Li agrees to consent
to the entry of orders of forfeiture for the Forfeiture Money
Judgments and the Substitute Assets and waives the requirements
of Rules 32.2 and 43(a) of the Federal Rules of Criminal
Procedure regarding notice of the forfeiture in the charging
instrument, announcement of the forfeiture at sentencing, and
incorporation of the forfeiture in the judgment. Zhifei Li
understands that the Forfeiture Money Judgments and forfeiture
of Substitute Assets is part of the sentence that may be imposed
in this case and waives any failure by the court to advise him
of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of
Criminal Procedure at the guilty plea proceeding.

Zhifei Li hereby waives any and all claims that this
forfeiture constitutes an excessive fine and agrees that this
forfeiture does not violate the Eighth Amendment.

Zhifei Li represents that he has disclosed all of his
assets to the United States on the Financial Disclosure
Statement dated October 14, 2013.  Zhifei Li agrees that if this

9

Office determines that Zhifei Li has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Zhifei Li consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Zhifei Li knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Zhifei Li further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey, the United States Attorney's Office for the Southern District of Florida, and the Environmental Crimes Section of the United States Department of Justice (collectively referred to herein as "the Government"), and cannot bind other federal, state, or local

10

authorities.  However, the Government will bring this agreement
to the attention of other prosecuting offices, if requested to
do so.

This agreement was reached without regard to any civil
or administrative matters that may be pending or commenced in
the future against Zhifei Li.  This agreement does not prohibit
the United States, any agency thereof (including the Internal
Revenue Service and Immigration and Customs Enforcement), or any
third party from initiating or prosecuting any civil or
administrative proceeding against Zhifei Li.

No Other Promises

This agreement constitutes the plea agreement between
Zhifei Li and the Government and supersedes any previous
agreements between them.  No additional promises, agreements, or
conditions have been made or will be made unless set forth in
writing and signed by the parties.

11

AGREED AND ACCEPTED

PAUL J. FISHMAN
United States Attorney
District of New Jersey

By: _____
Kathleen P. O'Leary
Assistant United States Attorney

WIFREDO A. FERRER
United States Attorney
Southern District OF Florida

By: _____
Thomas Watts-FitzGerald
Assistant United States Attorney

APPROVED:

_____
Jacob T. Elberg
Chief
Health Care and Government Fraud Unit

ROBERT G. DREHER
Acting Assistant Attorney General
Environment & Natural
   Resources Division
U.S. Department of Justice

By: _____
Richard A. Udell
Senior Counsel
Environmental Crimes Section

12

I have received this letter from my attorneys, Gary L.
Cutler, Esq. and Brian S. Yang, Esq.  It has been translated for
me into Mandarin and I understand it.  My attorneys and I have
discussed it and all of its provisions, including those
addressing the charges, sentencing, stipulations, waiver,
forfeiture, and immigration consequences.  I understand this
letter fully.  I hereby accept its terms and conditions and
acknowledge that it constitutes the plea agreement between the
parties.  I understand that no additional promises, agreements,
or conditions have been made or will be made unless set forth in
writing and signed by the parties.  I want to plead guilty
pursuant to this plea agreement.


AGREED AND ACCEPTED:


_____          Date:  12/15/2013
Zhifei Li


I have discussed with my client this plea agreement
and all of its provisions, including those addressing the
charges, sentencing, stipulations, waiver, forfeiture, and
immigration consequences.  My client understands this plea
agreement fully and wants to plead guilty pursuant to it.


_____          Date: 12/15/13
Gary L. Cutler, Esq.

_____          Date: 12/15/2013
Brian S. Yang, Esq.


13

### Plea Agreement With Zhifei Li

### Schedule A

        1.    This Office and Zhifei Li recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Zhifei Li nevertheless agree to the stipulations set forth herein.

        2.    The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.  The applicable guideline is U.S.S.G. § 2Q2.1.  This guideline carries a Base Offense Level of 6.

        3.    Specific Offense Characteristic § 2Q2.1(b)(1)(A) applies because the offenses were committed for pecuniary gain. This Specific Offense Characteristic results in an increase of 2 levels.

        4.    Specific Offense Characteristic § 2Q2.1(b)(3)(A)(ii) applies because the market value of the wildlife exceeded $5,000. This Specific Offense Characteristic results in an increase of 18 levels, pursuant to § 2B1.1(b)(1)(J), which is cross referenced in § 2Q2.1(b)(3)(A)(ii), because the market value of the wildlife was more than $2,500,000, but was not more than $7,000,000.

        5.    Zhifei Li was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive, pursuant to U.S.S.G. § 3B1.1(a).  This increases Zhifei Li's offense level by 4.

        6.    As of the date of this letter, Zhifei Li has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Zhifei Li's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

        7.    As of the date of this letter, Zhifei Li has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting this the Government and

the court to allocate their resources efficiently. At sentencing, the Government will move for a further 1-point reduction in Zhifei Li's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Zhifei Li enters a plea pursuant to this agreement, (b) the Government in its discretion determines that Zhifei Li's acceptance of responsibility has continued through the date of sentencing and Zhifei Li therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Zhifei Li's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.    In accordance with the above, the parties agree that the total Guidelines offense level applicable to Zhifei Li is 27 (the "agreed total Guidelines offense level").

9.    The government and Zhifei Li reserve the right to argue for an upward or downward variance pursuant to the factors set forth in 18 U.S.C. § 3553(a). The parties reserve the right to oppose any such arguments. The parties agree not to seek or argue for any upward or downward departure, or adjustment not set forth herein.

10.    Zhifei Li knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 27. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 27. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

15

11.  Both parties reserve the right to oppose or move
to dismiss any appeal, collateral attack, writ, or motion barred
by the preceding paragraph and to file or to oppose any appeal,
collateral attack, writ or motion not barred by the preceding
paragraph.

16

## Attachment B

1) Carved Tree Scene with Eagle;

2) Large painted wood carving of woman with ivory hands and face;

3) Polychrome Ivory Carving of Group of Figures (2);

4) Polychrome Ivory Carving of Girls (2);

5) Ivory Carving of General Lady;

6) Ivory Carving of Lady Sitting with Boy;

7) Small ivory carving;

8) Japanese Ivory Carving of Figure (2);

9) Ivory Necklaces (2);

10) Ivory Earrings (2);

11) Ivory Netsukes (2);

12) Ivory Polychrome Carving of a Lady;

13) Ivory Carving of an Old Man;

14) Ivory Carving of a Lady;

15) Ivory Carving of Landscape Scene;

16) Ivory Carving of Ship;

17) Ivory Ball of Confusion (2);

18) Ivory Tea Pot;

19) Ivory Stand (2);

20) Ivory Carved Tip of Ivory Tusk;

21) Ivory Carving of Bamboo;

22) Ivory Top to Tea Pot;

23) Ivory Stand;

24) Ivory and Silver Bangle;

25) Ivory Snuff Bottle;

26) Ivory Bead Necklace;

27) Ivory Carving of Buddha;

28) Large Ivory Carving Depicting Several Figures and a Horse;

29) Large Ivory Mountain Scene;

30) Red Coral Carving;

31) Large Ivory Carving;

32) Ivory Flag Accessories;

33) Large Ivory Carving of a Lady;

34) Small Ivory Buddha (2);

35) Ivory Carving of Group of Ladies;

36) Ivory Carving of Tree Branch;

37) Ivory Carving of Warrior;

38) Raw Ivory Tusk (2);

39) Carved elephant tusk